IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **CARLOS PONCE CASANOVA,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | **CAUSE NO. EP-26-CV-297-KC** |
| § | |
| **KRISTI NOEM et al.,** § | |
| § | |
| Respondents. § | |

# ORDER

On this day, the Court considered the case. Carlos Ponce Casanova filed a Petition for a Writ of Habeas Corpus, ECF No. 3. In answer to the Court's Show Cause Order, ECF No. 2, Respondents filed their Response, ECF No. 5, in opposition to Casanova's Petition.[1]

Respondents argue that Casanova's continued detention is lawful because his removal "is likely in the reasonably foreseeable future." Resp. 2. In support, they submit the Declaration of Acting Supervisory Detention and Deportation Officer Elizabeth Urquidi, ECF No. 5-1. Urquidi states that "[o]n November 4, 2026, Ponce Casanova was denied removal by the Government of Cuba" and thus "[r]eview for pending nomination of third country removal was initiated." *Id.* ¶ 9. Since then, Respondents have transferred Casanova to different detention facilities to attempt to remove him to Mexico. *See id.* ¶¶ 11–14. On January 27, Casanova declined removal to

---

[1] Respondents raise a potential "jurisdictional issue" because Casanova was transferred to a detention facility outside of this judicial district, after his Motion to Proceed in Forma Pauperis ("IFP Motion") was filed but before his attached Petition was docketed as its own entry. *See* Resp. 2–3. However, the date an IFP motion is filed, rather than the date that motion is granted and the petition is formally accepted, determines the time of filing. *Cf. Ponder v. Avalon Corr. Servs.*, No. 14-cv-336, 2017 WL 2609091, at *4 (W.D. Tex. June 15, 2017) (using the date the IFP motion was filed to determine the date of filing for statute of limitations purposes) (first citing *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987), and then citing *Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1392 (5th Cir. 1991)), *aff'd* 743 F. App'x 546 (5th Cir. 2018). Thus, because Casanova filed his IFP Motion on February 2, 2026, and was detained at ERO El Paso Camp East Montana at that time, *see* Resp. 2, the Court has jurisdiction over the Petition, *see Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014); *cf. Ponder*, 2017 WL 2609091, at *4.

Mexico. *Id.* ¶ 15. He has since been transferred to a detention facility in Florida. *Id.* ¶ 17. Respondents do not indicate whether they are in the process of identifying other third countries for Casanova's removal or will continue to attempt to remove him to Mexico. *See generally id.*; Resp.

However, given that removal of Casanova to Mexico or another country would likely moot this Petition, the Court takes this matter under advisement pending additional information from Respondents.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than March 19, 2026**, detailing the following:

(1) whether Casanova can be lawfully removed to Mexico without his consent, and if not, whether Casanova has consented to removal to Mexico, and the expected timeline for his removal to Mexico;

(2) whether a third country, other than Cuba or Mexico, has been identified for Casanova's removal and, if not, the expected timeline for identification;

(3) if a third country has been identified, whether a travel document request has been submitted to that country for Casanova, and if not, the expected timeline for submission; and

(4) if a travel document request has been submitted, the date it was submitted and the country's response or the expected timeline for a response.

**SO ORDERED.**

SIGNED this 19th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE