**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CARLOS PONCE CASANOVA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-297-KC** |
| | § | |
| **KRISTI NOEM et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered Carlos Ponce Casanova's Petition for a Writ of Habeas Corpus, ECF No. 3.  Casanova has been in immigration detention continuously since August 2, 2025, and is currently detained at the ERO El Paso Camp East Montana facility in El Paso, Texas.  *Id.* ¶¶ 2, 11, 13.  He argues that his detention is unlawful and asks the Court to order his immediate release or a bond hearing.  *Id.* ¶¶ 13, 15.

Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days.  8 U.S.C. § 1231(a)(1)(A).  That removal period ordinarily begins when the noncitizen is subject to a final order of removal.  *See id.* § 1231(a)(1)(B).  During this removal period, "the Attorney General shall detain the alien."  *Id.* § 1231(a)(2)(A).  The removal period may be extended in at least three circumstances.  Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order."  *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained. Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

On February 4, 2026, the Court ordered Respondents to show cause why Casanova's Petition should not be granted. Feb. 4, 2026, Order, ECF No. 2. Respondents filed their Response, ECF No. 5, arguing that Casanova's continued detention is lawful because his removal "is likely in the reasonably foreseeable future." Resp. 2. They stated that, although Cuba had denied their request to remove Casanova, he had been nominated for third country removal. Decl. Elizabeth Urquidi ("Urquidi Decl.") ¶ 9, ECF No. 5-1. And that since his nomination, Respondents had transferred Casanova to different detention facilities to attempt to remove him to Mexico. *Id.* ¶¶ 11–14. But that Casanova declined removal to Mexico and had since been transferred to a detention facility in Florida. *Id.* ¶¶ 15, 17.

The Court thus ordered Respondents to provide a status report stating (1) whether Casanova could be lawfully removed to Mexico without his consent, and if not, whether Casanova had consented to removal to Mexico and the expected timeline for his removal; (2) whether a third country had been identified for Casanova's removal, and if not, the expected timeline for identification; and (3) whether a travel document request had been submitted to the

identified third country, and if not, the expected timeline for submission, and if so, the expected response timeline.  *See* Feb. 19, 2026, Order 2, ECF No. 6.

Respondents have now filed a Response, ECF No. 7, "to the Court's order requesting an update on removal efforts."  They attach the Declaration of Assistant Field Office Director Angel Garite ("Garite Decl."), ECF No. 7-1.  However, Garite largely provides the same information that was previously submitted to the Court in Respondents' initial Response and the attached Declaration of Acting Supervisory Detention & Deportation Officer Elizabeth Urquidi.  *Compare* Garite Decl., *with* Urquidi Decl.  According to Garite, no actions have been taken by Respondents to effectuate Casanova's removal since the Court issued its February 19, 2026, Order.  *See generally* Garite Decl.  The only new information provided is that "ERO Miami will continue to work with ICE removal and International Operations to seek another third country removal to Cuba."  *Id.* ¶ 18.

Casanova has now been detained for over seven months.  He cannot be removed to Cuba, and he will not consent to be removed to Mexico.  Thus, Casanova meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 689–90.  Respondents must rebut this showing by either demonstrating that Casanova's removal is likely in the reasonably foreseeable future or deporting him.

Respondents concede that they cannot remove Casanova to Cuba.  And they have not identified any other country for removal, apart from Mexico.  It remains unclear whether Respondents have an agreement with the Mexican government that would allow them to remove Casanova to that country without his consent.  *See id.* ¶¶ 15–17.  Therefore, the Court affords Respondents a final opportunity to remove Casanova from the country.  If they do not do so in

3

two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at \*5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds. *See id.* The Court **ORDERS** that, **on or before April 6, 2026**, Respondents shall either (1) **REMOVE** Casanova from the United States through lawful means; or (2) **RELEASE** Casanova from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before April 6, 2026**, Respondents shall **FILE** notice informing the Court whether Casanova has been removed from the country. If Casanova has not been removed from the country, Respondents shall inform the Court whether Casanova has been released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the April 6, 2026, deadlines.**

**SO ORDERED**.

**SIGNED this 23rd day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4